Carlos Makoto Taitano, State Bar No. 275820
Taitano & Taitano LLP
P.O. Box 326204
Hagatna, Guam 96932
Telephone:     (671) 777-0581
Email:          cmakototaitano@taitano.us.com

*Attorney for Applicant
Ho Chan Kim*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| *In re Ex Parte* Application of<br><br>Ho Chan Kim,<br><br>     Applicant. | Case Number:<br><br>**DECLARATION OF KYONGSOK CHONG IN SUPPORT OF HO CHAN KIM'S *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782 AUTHORIZING DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

I, Kyongsok Chong, declare that:

1. I am more than 21 years of age, am competent to testify on the matters stated in this declaration, and, except as may be otherwise stated in this declaration, have personal knowledge of the matters stated in this declaration.

2. I am an attorney licensed to practice law in the Republic of Korea, and I am the Executive Partner at the LIWU Law Group in Seoul, Republic of Korea.

3. I have reviewed the subject YouTube video and relevant law as described in this declaration, and my opinion below is based upon those documents or facts that I have been made aware of.

4. This declaration is in support of Ho Chan Kim's <u>*Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 Authorizing Discovery for Use in Foreign Proceedings</u> (hereinafter "**Application**").

Page **1** of **9**

***Declaration of Kyongsok Chong***

5. I was consulted by, and advised, Ho Chan Kim (hereinafter "**Applicant**"), a Pastor at Life Word Mission, about obtaining evidence for his civil lawsuit against an anonymous individual (hereinafter "**Anonymous Individual**") who, using the YouTube channel named "*A Fisherman Catching a Fish*" ("생선잡는어부" in the original Korean language, hereinafter "**YouTube Channel**") which has the handle @Bok72, published a YouTube video (hereinafter "**YouTube Video**") insulting and stating falsities concerning the Applicant.

6. Based upon the Statement of Information of Google LLC (hereinafter "**Google**") filed September 7, 2023, the principal office of Google is located at 1600 Amphitheatre Parkway, Mountain View, California 94043; attached as **Exhibit 1** is a true and a correct copy of the Statement of Information of Google filed September 7, 2023 obtained from the California Secretary of State.

7. The Applicant has filed a civil lawsuit against the Anonymous Individual with the Suwon District Court, Anyang Branch Court in the Republic of Korea, under case number 2024Gaso117176 (hereinafter "**Civil Case**") for insulting the Applicant pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea and for defaming the Applicant pursuant to Articles 750 and 751 of the Civil Act of the Republic of Korea.

8. I am the attorney of record of the Applicant for the Civil Case.

9. Article 750 of the Civil Act of Korea provides:

> **Article 750 (Definition of Torts)**
> Any person who causes losses to or inflicts injuries on another person by an unlawful act, intentionally or negligently, shall be bound to make compensation for damages arising therefrom.

Minbeob [Civil Act] art. 750 (S. Kor.).

10. Article 751 of the Civil Act of Korea provides:

> **Article 751 (Compensation for Non-Economic Damages)**
> (1) A person who has injured the person, liberty or fame of another or has inflicted any mental anguish to another person shall be liable to make compensation for damages arising therefrom.
> (2) The court may order the guilty party to discharge the compensation mentioned in paragraph (1) by periodical payments, and may order such guilty parties to offer reasonable security in order to insure his performance of such obligations.

Minbeob [Civil Act] art. 751 (S. Kor.).

*Declaration of Kyongsok Chong*

11. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, it is my opinion that the elements of a tort under Article 750 are (1) an unlawful act, (2) done intentionally or negligently, (3) an injury, and (4) causation between the unlawful act and the injury.

12. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, it is my opinion that the Applicant has made out a prima facie case; the YouTube Video meets the elements of the torts of defamation under Articles 750 and 751 and insulting under Articles 750 and 751; and the Civil Case will withstand a motion to dismiss.

13. The Applicant has been unable to serve the Anonymous Individual with legal process in the Civil Case, because the true identity of the Anonymous Individual is unknown.

14. The Applicant by discovery, is seeking personal identifying information (hereinafter "**PII**") of the Anonymous Individual in order to identify the true identity of the Anonymous Individual to serve the Anonymous Individual with legal process.

15. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, it is my opinion that the Applicant will not be able to proceed with the Civil Case without the true identity of the Anonymous Individual.

16. Google is not, and will not be, a party or participant to the Civil Case and the information or documents sought through discovery is or are held by Google in the United States, and therefore, the information or documents sought through discovery are outside the reach of the jurisdiction of a court in the Republic of Korea.

17. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, I am not aware of any restrictions imposed by, or any policies under, the laws of the Republic of Korea limiting United States federal court judicial assistance for the purposes described herein or in the Application.

18. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, civil courts of the Republic of Korea are receptive to assistance in discovery by United States federal courts, including discovery of PII of individuals publishing anonymous online statements.

**Declaration of Kyongsok Chong**

19. The Applicant is not attempting to circumvent any foreign proof-gathering restrictions or other policies of the Republic of Korea or the United States of America.

20. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, to proceed with a civil case against a person, the person must be identified and confirmed by his or her name, address, and date of birth, with the address being of less importance as explained below.

21. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, if the Applicant can obtain the name and date of birth of the Anonymous Individual through discovery in this case, then the Applicant can obtain a court warrant to obtain the registered address of the Anonymous Individual from the local government using the name and date of birth, because every person in Korea is required to register their residential address with the local government.

22. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, with only a name and address, a court may issue a warrant for the local government to disclose the identity of the person; however, the local government will be unable to disclose the registered information of the person if there are multiple individuals in Korea with the same name or if the addresses were misused, incorrect, or do not exist.

23. Based upon my experience as an attorney licensed to practice law in the Republic of Korea, if the Applicant can obtain the telephone number or bank information (bank name and account) of the Anonymous Individual through discovery in this case, then the Applicant can obtain a court warrant to seek the name and the date of birth of the Anonymous Individual from the Korean telecommunication company or bank.

24. The discovery of the telephone number and banking information of the Anonymous Individual are not unduly intrusive, because this information is narrowly tailored to discover the true identity of the Anonymous Individual, and is not seeking irrelevant information.

25. The Applicant is seeking information concerning the Google Ads accounts, Google AdSense accounts, and Google Pay accounts that are registered to, linked to, or otherwise associated to the YouTube account or Google account that the Anonymous Individual uses to log

**Declaration of Kyongsok Chong**

in to YouTube with, because based upon my experience, even where a person has not indicated their true PII in their Google account, they may have indicated their true PII in such other accounts that they login to using their Google account.

26. The reasons that the access log (dates, times, internet protocol (hereinafter "**IP**") addresses, and port numbers) of the Anonymous Individual's Google account (hereinafter the "**Recent Access Log**") is necessary, in addition to other PII, to identify the Anonymous Individual are:

    (a) When the tortfeasor, the Anonymous Individual in this case, accesses the internet to access YouTube, the tortfeasor's Google account, or other Google services, the tortfeasor's electronic device (e.g., laptop or smartphone) initially communicates with an ISP.[1]/ Subsequently, the ISP communicates with a company providing online services (hereinafter the "**Online Service Provider**"), in our case Google which maintains the servers upon which the YouTube Videos were published, whereby the tortfeasor is able to access YouTube or the tortfeasor's Google account.

    (b) In each communication, information such as an IP address, a port number, and a time stamp (the time when the specific communication occurred), may have been recorded, which records are commonly known as an "access log."

    (c) The ISP assigns an IP address and a port number to the tortfeasor when providing the tortfeasor with internet access, and therefore, the ISP is able to identify the tortfeasor using the access log because it has a record of to whom it assigned a certain IP address and port number at a certain time.

    (d) The ISP may assign a different IP address and port number every time that a tortfeasor accesses the internet, and therefore, in order to identify a tortfeasor by using an IP address and a port number, the time and the date that the person was accessing the internet using the specific IP address and port number is necessary.

---

[1]/ ISP means Internet Service Provider, and is an entity that provides internet access services to users, and examples of ISPs in the United States are AT&T and Verizon.

Page **5** of **9**

*Declaration of Kyongsok Chong*

(e) In layman's terms, an IP address is the street address of the tortfeasor, while the port number is the room number.

(f) Initially, a victim of an unlawful act on the internet, such as the Applicant, does not know the ISP of the tortfeasor, and therefore, the victim needs for the Online Service Provider to disclose the access log in its possession, and the Recent Access Log sought by the subpoena is seeking this information from Google.

(g) By obtaining the IP address from the Online Service Provider, the victim is able to identify the ISP used by the tortfeasor, because IP addresses are owned by ISPs, and the IP addresses owned by an ISP is publicly available information.

(h) By identifying the ISP used by the tortfeasor, the victim can provide the access log (the IP address, the port number, and the timestamp) to the ISP and request information such as the name and the address of the tortfeasor from the ISP to identify the tortfeasor in order to serve the tortfeasor with legal process.

(i) In many cases, the Online Service Provider does not have accurate PII that is sufficient to identify the true identity of the tortfeasor because the Online Service Provider does not require the tortfeasor to record his or her true name, address, e-mail address, telephone number, or any other PII, which information must each be voluntarily provided by the tortfeasor.

(j) Where the tortfeasor created the Google account to damage the reputation of the victim, most of the information obtained about the Google account may be fictitious because the PII is voluntary.

(k) Therefore, in many cases, the access log obtained from the Online Service Provider is the information that will allow the victim to identify the true identity of the tortfeasor.

(l) Ideally, if the Online Service Provider keeps a complete access log indefinitely, a victim can more readily identify the tortfeasor.

(m) However, in practice, a sufficient access log is not available because (i) the Online Service Provider does not record a complete access log for all communications, (ii)

*Declaration of Kyongsok Chong*

the Online Service Provider only keeps the access log for a short period of time (usually for three to six months); or, (iii) a tortfeasor can use special anonymization computer programs to prevent the victim from identifying the tortfeasor through the use of the access log.

(n) Because the access log is deleted by the Online Service Provider after several months, the more recent access log is critical.

(o) The tortfeasor may be accessing the internet and the Online Service Provider using the anonymization computer program at times, but may have the program off at other times.

(p) For the foregoing reasons, the more recent access log for a reasonable period of time is necessary because (i) the Online Service Provider may have not recorded a complete access log if discovery is limited to a short period of time, (ii) the older access log has likely been deleted, or (iii) there is a possibility that the tortfeasor may have had his or her anonymization computer program turned off.

(q) If discovery is allowed only for a short period of time, and for only the older access log, for the foregoing reasons, it will be less likely that the victim will be able to obtain information sufficient to identify the true identity of the tortfeasor.

(r) Therefore, for the foregoing reasons, it is reasonable to allow discovery of the recent access log, and to not limit discovery to the period at or about the time that the unlawful statement was published.

27. In order for the Applicant to identify the Anonymous Individual through the ISP using an IP address and a port number, both the IP address and the corresponding port number and timestamp is necessary.

28. Without the corresponding timestamp, an ISP in the Republic of Korea will be unable to pin-point the tortfeasor that was using the IP address at a certain point-in-time.

29. Additionally, where the port number is not disclosed, certain ISPs will be unable to pin-point the tortfeasor that was using the IP address, even with a timestamp.

30. A port number is only used in conjunction with an IP address to identify the ISP of the tortfeasor and is used by an ISP to pin-point who was using a certain IP address and a certain corresponding port number on a specific date and time, and a port number does not intrude upon a person's privacy.

31. A timestamp only shows when a person accessed their online account using a specific IP address and port number, and does not disclose what the person was doing using their online account, and therefore, discovery of a timestamp only minimally intrudes upon a person's privacy; the evidentiary value of a timestamp allowing the victim to identify the tortfeasor far outweighs any privacy issues.

32. Finally, any PII (other than the Recent Access Log) registered, at any time, with the tortfeasor's accounts is necessary, because, based upon my experience as an attorney licensed to practice law in the Republic of Korea, the Anonymous Individual may have not planned to damage the Applicant until a time near to when the subject online statements were made, and as such, it is more likely that the Anonymous Individual may have used his or her true identity near to the time when the online statements were published.

33. Recent PII is also relevant and necessary, because the Anonymous Individual may not have changed PII that is not displayed publicly.

34. The discovery of PII requested is not unduly intrusive, because this information is narrowly tailored to discover the true identity of the Anonymous Individual and is not seeking irrelevant information.

35. Based upon my experience, where an online account is used for a legitimate purpose, PII is only changed occasionally, and because this information is stored by Google in the ordinary course of its business, the burden placed upon Google in disclosing this information is minimal.

36. Based upon the foregoing, the information and documents sought from Google are highly relevant and crucial to the Civil Case in the Republic of Korea and is narrowly tailored and limited to the discovery of information necessary to identify the true identity of the Anonymous Individual against whom the Civil Case was filed.

**Declaration of Kyongsok Chong**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 14, 2024.

_____
KYONGSOK CHONG



**STATE OF CALIFORNIA**
*Office of the Secretary of State*
**STATEMENT OF INFORMATION**
**LIMITED LIABILITY COMPANY**
California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
|---|
| **-FILED-** |
| File No.: BA20231413505 |
| Date Filed: 9/7/2023 |

| Entity Details | |
|---|---|
| Limited Liability Company Name | GOOGLE LLC |
| Entity No. | 201727810678 |
| Formed In | DELAWARE |
| **Street Address of Principal Office of LLC** | |
| Principal Address | 1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 |
| **Mailing Address of LLC** | |
| Mailing Address | 1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 |
| Attention | Attn: Legal Dept. |
| **Street Address of California Office of LLC** | |
| Street Address of California Office | 1600 AMPHITHEATRE PARKWAY<br>MOUNTAIN VIEW, CA 94043 |

| Manager(s) or Member(s) | |
|---|---|
| Manager or Member Name | Manager or Member Address |
| XXVI Holdings Inc. | 1600 Amphitheatre Parkway<br>Mountain View, CA 94043 |

| Agent for Service of Process | |
|---|---|
| California Registered Corporate Agent (1505) | CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERV<br>Registered Corporate 1505 Agent |
| **Type of Business** | |
| Type of Business | TECHNOLOGY COMPANY |
| **Email Notifications** | |
| Opt-in Email Notifications | Yes, I opt-in to receive entity notifications via email. |

| Chief Executive Officer (CEO) | |
|---|---|
| CEO Name | CEO Address |
| Sundar Pichai | 1600 Amphitheatre Parkway<br>Mountain View, CA 94043 |

Labor Judgment

No Manager or Member, as further defined by California Corporations Code section 17702.09(a)(8), has an outstanding final judgment issued by the Division of Labor Standards Enforcement or a court of law, for which no appeal is pending, for the violation of any wage order or provision of the Labor Code.

**Exhibit 1**

Electronic Signature

☒ By signing, I affirm under penalty of perjury that the information herein is true and correct and that I am authorized by California law to sign.

*Kenneth H. Yi*                                  *09/07/2023*

Signature                                                Date

B2094-5691 09/07/2023 10:26 AM Received by California Secretary of State

**Exhibit 1**