UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| *IN RE EX PARTE* APPLICATION OF: HO CHAN KIM | Case No.  5:24-mc-80152-EJD<br><br>**ORDER GRANTING IN PART AND DENYING IN PART EX PARTE APPLICATION FOR ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING**<br><br>Re: Dkt. No. 1 |

Before the Court is Ho Chan Kim ("Applicant")'s *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to authorize discovery for use in a foreign proceeding ("Application"). *Ex Parte* Appl. for Order Granting Leave to Take Disc. for Use in a Foreign Proceeding ("Appl."), ECF No. 1.  Specifically, Applicant seeks discovery from Google LLC ("Google") for use in a foreign civil lawsuit in the Suwon District Court, Anyang Branch Court in the Republic of Korea ("Tribunal"). *Id.* at 3.  For the reasons stated below, the Application is **GRANTED IN PART** and **DENIED IN PART**.

I. **BACKGROUND**

Applicant is a Pastor in the Republic of Korea at Life Word Mission.  Appl. 1.  An anonymous individual using the YouTube channel name "A Fisherman Catching a Fish" ("Anonymous Individual") allegedly published a YouTube video insulting and stating various falsities concerning Applicant.  *Id.* at 2.  Applicant alleges that the YouTube video has been viewed more than 9,300 times and has caused significant harm to the reputation of the Applicant within the Life Word Mission community, as well as significant harm to Applicant mentally and physically.  *Id.*  Applicant has filed a civil lawsuit against the Anonymous Individual in the Tribunal for business interference, defamation, and insults under the laws of the Republic of Korea

Case No.: 5:24-mc-80152-EJD
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING

1

("Civil Case"). *Id.* at 3. However, Applicant has been unable to determine the true identity of the Anonymous Individual, preventing Applicant from serving the Anonymous Individual or otherwise proceeding with the Civil Case.

YouTube users log in to YouTube using their Google account, and Google accounts are linked to various services and accounts of Google, including Google Ads, Google AdSense, and YouTube. Appl. 3. To proceed with the Civil Case, Applicant requests a subpoena demanding that Google produce the following:

> [1] DOCUMENTS sufficient to show the following information ever registered with the ACCOUNTS and the Google Ads accounts, Google AdSense accounts, and Google Pay accounts that are registered to, linked to, or otherwise associated to the ACCOUNTS:
> (i) ALL names;
> (ii) ALL dates of birth;
> (iii) ALL addresses;
> (iv) ALL e-mail addresses;
> (v) ALL telephone numbers; and
> (vi) ALL banking information, such as the name of the bank and the bank account number.
>
> [2] DOCUMENTS sufficient to show five access logs (dates, times, IP addresses, port numbers, and destination IP addresses) of the ACCOUNTS that were recorded immediately prior to the date that you respond to this request.

Appl., Ex. A.

## II.     LEGAL STANDARD

Title 28 United States Code § 1782(a) permits federal district courts to assist in gathering evidence for use in foreign proceedings. 28 U.S.C. § 1782(a); *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). The statute specifically authorizes a district court to order a person residing or found within the district "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). The statute may be invoked where: (1) the discovery is sought from a person residing in the district of the court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the applicant is a foreign or international tribunal or

Case No.: 5:24-mc-80152-EJD
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING
2

an "interested person." *Intel Corp.*, 542 U.S. at 246; *Khrapunov v. Prosyankin*, 931 F.3d 922, 925 (9th Cir. 2019).

In addition to the mandatory statutory requirements, the district court retains discretion in determining whether to grant an application under § 1782(a) and may impose conditions it deems desirable. *Intel Corp.*, 542 U.S. at 260–61. In *Intel Corp.*, the Supreme Court created a non-exhaustive list of factors to consider in ruling on a § 1782(a) request, including (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–66.

### III. DISCUSSION

#### A. Statutory Factors

The Court finds that Applicant has satisfied the three statutory criteria of Section 1782(a).

First, Applicant satisfies the residence requirement because Google's principal office is in Mountain View, California, which is in this district. Appl. 2; *see, e.g.*, *In re Todo*, 2022 WL 4775893, at *2 (N.D. Cal. Sept. 30, 2022) ("In this district, business entities are 'found' where the business is incorporated, is headquartered, or where it has a principal place of business.") (collecting cases); *In re Med. Inc. Ass'n Takeuchi Dental Clinic*, 2022 WL 10177653, at *2 (N.D. Cal. Oct. 17, 2022) (Google met residence requirement under 28 U.S.C. § 1782(a) due to headquarters and principal location in Mountain View).

Second, the Court finds that the discovery is sought for use in foreign proceedings, as Applicant is actively litigating the Civil Case in the Tribunal. Appl. 6.

Third, Applicant is plainly an "interested person" in the foreign proceedings, as Applicant is the party bringing the Civil Case in the Tribunal. Appl. 6; *see Intel Corp.*, 542 U.S. at 256 ("No doubt litigants are included among, and may be the most common example of, the interested

persons who may invoke § 1782.") (internal quotation marks and brackets omitted).

Based on the foregoing, the Court finds that the Application satisfies the statutory factors to warrant an order pursuant to Section 1782.

### B. Discretionary *Intel* Factors

At this stage, the Court also finds that the discretionary *Intel* factors weigh in favor of granting Applicant's *ex parte* application in part. However, the Court finds that the fourth factor weighs against Applicant's specific request for banking information.

#### 1. Participation of Target in the Foreign Proceeding

Turning to the first factor, which addresses whether the discovery target is or will be a participant in the foreign proceeding, the relevant inquiry is "whether the foreign tribunal has the authority to order an entity to produce the . . . evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1039 (N.D. Cal. 2016); *see also In re Varian Med. Sys. Int'l AG*, 2016 WL 1161568, at *4 (N.D. Cal. Mar. 24, 2016) ("[T]he first *Intel* factor militates against allowing § 1782 discovery when the petitioner effectively seeks discovery from a participant in the foreign tribunal even though it is seeking discovery from a related, but technically distinct entity.") (quotation marks and citation omitted).

Here, Google would not be a party in the Tribunal proceedings, and therefore, that foreign Tribunal would be unable to compel Google to produce discovery without the aid of Section 1782. Appl. 6. "In these circumstances, the need for assistance pursuant to § 1782(a) is greater than it would be in circumstances where the foreign tribunal may order parties appearing before it or third parties within its jurisdiction to produce evidence." *In re Med. Corp. Takeuchi Dental Clinic*, 2022 WL 1803373, at *3 (N.D. Cal. June 2, 2022) (citing *Intel*, 542 U.S. at 264). Accordingly, the first *Intel* factor weighs in favor of granting Applicant's request.

#### 2. Receptivity of Foreign Tribunal to U.S. Judicial Assistance

The second *Intel* factor also favors granting the Application. "Courts conducting this analysis focus on the utility of the evidence sought and whether the foreign tribunal [or court] is likely to receive the evidence." *In re Qualcomm Inc.*, 162 F. Supp. 3d at 1040. "In the absence of

1 authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section
2 1782, courts tend to err on the side of permitting discovery." *In re Varian*, 2016 WL 1161568, at
3 *4 (internal quotation marks omitted).

4 Here, the Court is unaware of any evidence that the Tribunal would reject evidence
5 obtained via Section 1782. Appl. 7. Accordingly, given that there is no authoritative proof that
6 the Tribunal would reject evidence obtained under Section 1782, the second *Intel* factor weighs in
7 favor of granting the Application.

### 3. Circumvention of Proof-Gathering Restrictions

9 The third factor—whether an applicant seeks "to circumvent foreign proof-gathering
10 restrictions or other policies of a foreign country or the United States"—also favors granting the
11 Application. *Intel Corp.*, 542 U.S. at 265. "Courts have found that this factor weighs in favor of
12 discovery where there is nothing to suggest that the applicant is attempting to circumvent foreign
13 proof-gathering restrictions." *Med. Inc. Ass'n Smile Create*, 547 F. Supp. 3d 894, 899 (N.D. Cal.
14 2021) (quotations and citations omitted).

15 Here, Applicant's counsel has represented that they are not aware of any restrictions or
16 policies imposed by the Tribunal that would prohibit the proof-gathering sought here. Appl. 8.
17 The Court finds no reason to doubt Applicant's counsel's representations. Accordingly, there is
18 nothing to indicate that the third *Intel* factor should weigh against granting the Application.

### 4. Unduly Intrusive or Burdensome

20 The fourth factor the Court must consider is whether the discovery sought is "unduly
21 intrusive or burdensome." *Intel Corp.*, 542 U.S. at 265. Discovery requests may be intrusive or
22 burdensome if "not narrowly tailored temporally, geographically or in their subject matter." *In re*
23 *Qualcomm Inc.*, 162 F. Supp. 3d at 1044.

24 Applicant's proposed subpoena seeks all documents sufficient to show the identity of the
25 users of the Anonymous Individual, including the names, dates of birth, addresses, e-mail
26 addresses, and telephone numbers registered with the YouTube account and associated Google
27 Ads, Google AdSense, and Google Pay accounts. Appl., Ex. A. Applicant also requests the five

1  most recent access logs from the YouTube account, including the dates, times, IP addresses, port
2  numbers, and destination IP addresses of the YouTube account, which recorded immediately prior
3  to the date that Google responds to the request. *Id.*

4  The Court finds these requests to be narrowly tailored to only seek documents "sufficient
5  to show" the identifying information associated with the Google accounts in question, as opposed
6  to a request seeking "all documents" relating to the account. *See, e.g., In re Plan. & Dev. of*
7  *Educ., Inc.*, 2022 WL 228307, at *5 (N.D. Cal. Jan. 26, 2022) (modifying § 1782 subpoena from
8  seeking "all" identifiers to only seek information "sufficient to identify" the users). Further,
9  Applicant's request for access log information is narrowly tailored to only the five logs
10 immediately preceding Google's production, rather than a longer period of time, which runs the
11 risk of producing unnecessary and invasive personal information. These limitations on the
12 subpoena's scope suggests that the requested discovery is not "unduly intrusive or burdensome."

13 However, Applicant's proposed subpoena also seeks all banking information associated
14 with the YouTube account, including bank account numbers. Appl., Ex. A.

15 The Court finds that this request is unduly intrusive, as it is not necessary to serve the
16 purpose of ascertaining the identity of the Anonymous Individual at this time. Applicant argues
17 that it requires the banking information because the Anonymous Individual could be using a
18 fictitious identity to register the YouTube and other Google accounts. Appl. 9. However, there
19 are no facts to suggest that these accounts are registered under fictitious information, and the Court
20 will not authorize the release of private information as sensitive as bank account numbers based on
21 an unfounded assumption. Given that Applicant has provided no concrete reason as to why this
22 information is necessary for its action at this time, Applicant has not shown how this request is
23 narrowly tailored to the subject matter of their action.

24 Therefore, the Court finds that the fourth *Intel* factor favors granting Applicant's request
25 for all documents sufficient to show the identity of the users of the two accounts; however, the
26 Court will exercise its discretion and deny Applicant's request for banking information.

27
28 Case No.: 5:24-mc-80152-EJD
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING
6

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that Applicant's Section 1782 Application satisfies the statutory factors, and that the discretionary *Intel* factors—at this stage, at least—also favor granting the Application as to the documents necessary to ascertain the users' identity, but not as to the requested banking documents.

Accordingly, the Section 1782 Application is **GRANTED IN PART** and **DENIED IN PART**. Applicant may serve an amended subpoena on Google, which removes the request for "ALL banking information, such as the name of the bank and the bank account number," with the following requirements:

1. Applicant SHALL serve a copy of this Order on Google with the proposed subpoena;
2. No later than 10 days after service of the subpoena, Google SHALL notify all account users whose personal identifying information is affected by the subpoena that their identifying information is being sought by Applicant and provide a copy of this Order to each account user;
3. Google SHALL use all means of communications associated with the Google accounts to contact and notify the affected individuals of the subpoena;
4. Google and each account user whose information is sought may file—no later than 30 days after service or notice—a motion to quash or modify the subpoena;
5. Any account user seeking to quash or modify the subpoena may appear and proceed before this Court under a pseudonym;
6. If any party disputes the subpoena, Google shall preserve but not disclose the information sought by the subpoena pending resolution of that dispute;
7. This Order is without prejudice to any argument that may be raised in a motion to quash or modify the subpoena from Google or any account users.

**IT IS SO ORDERED.**

Dated: July 2, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:24-mc-80152-EJD
ORDER PERMITTING DISCOVERY FOR USE IN A FOREIGN PROCEEDING
7